NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0026n.06

No. 14-5783

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY ANDERSON, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jan 08, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MCINTOSH CONSTRUCTION, LLC and | ) | COURT FOR THE MIDDLE |
| VANTACORE PARTNERS, LP, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: COLE and KETHLEDGE, Circuit Judges; OLIVER, District Judge.[*]

KETHLEDGE, Circuit Judge. Kimberly Anderson sued her employer, McIntosh Construction, and McIntosh's parent company, VantaCore Partners, under the Family and Medical Leave Act. The district court granted summary judgment to McIntosh and VantaCore in a thoroughly reasoned opinion. We affirm.

Anderson started work as a finance controller in McIntosh's accounting department in August 2010. Soon she began having difficulty getting along with her co-worker, Carol Garza, who Anderson says was insubordinate and who undermined Anderson's control of the accounting department. In December 2010, for example, Garza screamed at Anderson because Anderson had suggested changes to McIntosh's payroll software. R. 18-1 at 63-65. The friction with Garza made Anderson feel stressed; the stress caused her health to deteriorate.

---

[*] The Honorable Solomon Oliver, Jr., Chief Judge for the Northern District of Ohio, sitting by designation.

On March 29, 2011, Anderson emailed her supervisor, Robert Brown, requesting permission to work from home the following day. Anderson explained that she was already working from home one day per week, and that doing so gave her "a MUCH NEEDED break from the constant office chatter and tension I feel from Carol." R. 18-1 at 89. Brown responded that Anderson could work from home the following day, but added that working from home should not be "a regular thing." *Id.*

Sometime later that spring, Brown decided to replace Anderson. R. 18-2 at 7. His decision was motivated at least in part by Anderson's repeated absences from work, at least some of which were for doctor's appointments. *Id.* at 7-8. McIntosh posted ads seeking applicants for Anderson's position; Anderson discovered the ads in August. R. 18-1 at 9. In October, she quit McIntosh and accepted a similar position at Maxwell Roofing & Sheet Metal, Inc. In an email to VantaCore's CEO, Anderson said that "the hostile work environment" at McIntosh had "directly caused deterioration of my physical and mental health." R. 18-1 at 85.

In April 2013, Anderson filed this FMLA lawsuit against McIntosh and VantaCore (together, "McIntosh"). The district court granted summary judgment to McIntosh. We review that decision de novo. *Demyanovich v. Cadon Plating & Coatings, LLC*, 747 F.3d 419, 426 (6th Cir. 2014).

Summary judgment is appropriate where there is no genuine dispute as to any material fact. *Id.* A genuine dispute requires enough evidence for a reasonable jury to find for the nonmoving party. *Id.* at 427.

The FMLA entitles employees to twelve weeks of unpaid leave during any twelve-month period. 29 U.S.C. § 2612(a). An employer may not "interfere with, restrain, or deny the exercise of" an employee's FMLA rights. *Id.* at § 2615(a)(1). In addition, the FMLA prohibits an

employer from retaliating against an employee who opposes "any practice made unlawful by" the FMLA. *Id.* at § 2615(a)(2).

Anderson argues that McIntosh interfered with her exercise of FMLA rights. To establish a prima facie case of FMLA interference, Anderson must show, among other things, that she was eligible for FMLA benefits and that she notified McIntosh that she needed leave. *Demyanovich*, 747 F.3d at 427.

Anderson first contends that McIntosh interfered with her FMLA rights when it failed to offer her leave, which she says she needed to cope with the stress caused by Garza. McIntosh responds that Anderson never notified it that she needed leave. To satisfy the FMLA's notice requirement, an employee must request leave and provide enough information for her employer to know that the FMLA applies to the request. *Cavin v. Honda of America Mfg., Inc.*, 346 F.3d 713, 723-24 (6th Cir. 2003). Anderson offers no evidence that she requested leave at all, much less that she told McIntosh she needed leave because of a medical condition. At most, Anderson has shown that she requested permission to work from home, away from Garza. But working from home is still working; so that request was not a request for leave under the FMLA.

In response, Anderson appears to contend that the FMLA required McIntosh to diagnose her medical condition and offer leave, even in the absence of a request. But the FMLA places no duty on an employer to grant leave without a request or notice from an employee. *Brohm v. JH Properties, Inc.*, 149 F.3d 517, 523 (6th Cir. 1998). Thus, the FMLA did not require McIntosh to provide leave, because Anderson never requested it.

Anderson also says that McIntosh interfered with her exercise of FMLA rights when McIntosh considered her repeated absences as a negative factor in its decision to replace her. An employer violates the FMLA if it takes an adverse employment action against an employee

because the employee took or requested FMLA leave. *See Demyanovich*, 747 F.3d at 429. The FMLA could not have protected any of the absences considered by McIntosh, however, because Anderson was not yet eligible for FMLA-protected leave. An employee is ineligible for FMLA benefits until she has worked for an employer for "at least 12 months." 29 U.S.C. § 2611(2)(A)(1). Anderson started working at McIntosh on August 2, 2010, so she was not an eligible employee until August 2, 2011. And McIntosh decided to fire Anderson sometime in the spring of 2011—before she became eligible for FMLA benefits. R. 18-2 at 7. Thus, McIntosh did not violate the FMLA when it factored Anderson's absences into its decision to fire her.

Finally, Anderson argues that McIntosh retaliated against her for engaging in protected activity under the FMLA. As shown above, Anderson never requested or took FMLA-protected leave. She has not alleged that she engaged in any other protected activity, so this argument also fails.

The district court's judgment is affirmed.